Boynton, J.
It is clear that the judgment of the district •court reversing the judgment of the court of common pleas, .and the order remanding the cause for further proceedings, •do not belong to the class or classes of judgments or orders, the execution of which may be stayed in the mode pro-i vided in section 15, chapter 1, title 4 of the act of May 14, *292 1878 (75 Ohio L. 806). But section 22 of that act provides that “execution of a judgment or final order, other iban those enumerated in this chapter, of any judicial tribunal, may be stayed, on such terms as may be prescribed by the court in which the petition in error is filed, or by a judge thereof.” This is the language of the original section of the code as amended April 3,1861 (S. & S. 570). This section provides for stay of execution in all cases not provided for by sections 15 and 21, without regard to the court in which the judgment is rendered or order made. All that is required, is that the judgment or order be final. That such was the character of the judgment of reversal and the order remanding the cause for further proceedings is settled by Schaffer v. Marienthal, 17 Ohio St. 183. It was there held, that “ where a judgment is reversed, and the cause remanded for further proceedings, error will lie to reverse the judgment of reversal, while the cause is still pending in the court to which it was remanded.” The same practice prevails in England. McMahon v. Leonard, 5 House of Lords Cases, 931. Where the judgment is not final, error, under our practice, will not lie to reverse it; but being final, and the order remanding the cause for further proceedings being consequent upon the reversal, the execution of such judgment and order may be stayed in the manner prescribed by section 22 aforesaid. The mandate sent down in such case, to carry into effect the judgment and order of the district court, is, in substance and effect, a writ of procedendo, authority to issue which is found in section 2 of the act of March 14,1853 (1 S. & C. 382), supplementing the jurisdiction in procedendo conferred by the constitution. That section, among other things, provides that “the district court, in addition to the original jurisdiction conferred upon it by article 4, section 6 of the constitution, shah have power, on good cause shown, to issue writs of error and certiorari in criminal cases, and supersedeas in any case, and all other writs not specially provided for nor prohibited by statute, whenever this may be neeessary for the *293 exercise of its jurisdiction in the due administration of justice.”
And section 4 of the same act provides that “ the supreme court or district court shall have power to remand its final decrees, judgments, or orders, in cases removed before them ■on appeal, to the court below, as the case may require, for the specific or general execution thereof, and may also remand causes which so come before them to the inferior ■courts for further proceedings therein.”
By the latter of these two sections, express power is conferred on the district court, and also upon this court, to remand equity causes to the court below for further proceedings ; and, by a fair and just construction of the provisions of the former, the same power is conferred upon the district •court in actions at law. Hence, when the mandate is received by the court to which the cause is remanded, it becomes its duty to carry into effect the judgment or order of the reviewing court. The performance of this duty, in cases where the cause is remanded for a new trial, consists in proceeding to trial and judgment; and the suspension of this action of the court, during the pendency of the petition in error, constitutes the stay of execution provided ' for. But power to stay execution of the judgment or order, .as provided by section 22, above quoted, is discretionary, to be exercised only on good cause shown by the party moving for the stay. See Pim v. Nicholson, 6 Ohio St. 176. Counsel for the plaintiff seem to assume that the mere pendency of the petition in error in this court, the hearing upon which may result in the reversal of the judgment of the district court, and in the affirmance of the judgment of the court of common pleas, is a sufficient .ground to stay further proceedings in the latter court, until the petition in error is disposed of. If this were so, the re.sult would be, in this class of cases, that, on the filing of the petition in error in the reviewing court, stay would be ordered, as of course, however clear and manifest it might be that the judgment of the district court was right.
The only caiise stated for the order staying proceedings *294 is, that the defendant threatens to bring the case to trial in; the common pleas. This ground we think insufficient-Should the ease go to trial and judgment, under circumstances from which no waiver upon the part of the plaintiff of the proceeding in error ought to be implied, if without' his assent or against his objection he is forced to trial, and. the judgment of the district court upon the pending petition in error should be reversed and that of the common pleas affirmed, it by no means follows that such first judgment would be lost, or that the second would be substituted for it. Pinney v. Gleason, 9 Cow. 635.

Motion overruled.